LOUISE SPIRO PETROFF (LOUISE SPIRO PETROFF HREN), Appellant, v. FIRST NATIONAL BANK OF COOPERSTOWN, NEW YORK, Respondent.— Appeal from an order of the Supreme Court, Delaware Special Term, granting a summary judgment in favor of the defendant, and from so much of the judgment as dismisses the complaint against the bank individually. The defendant bank, as executor under the will of one Margaret Stenovec, held a mortgage upon premises of the plaintiff. Such property was insured by two policies of insurance, each of which contained a New York Standard Mortgagee Clause in favor of the bank as executor. An action to foreclose the mortgage was instituted, and a judgment entered. The day before the sale and on February 22, 1937, the buildings on the premises were destroyed by fire. On April 2, 1937, the insurer paid to the defendant a fire loss under the policies in the sum of $2,200. Plaintiff has sued to recover such proceeds from the defendant upon the theory that in equity and good conscience they belong to her, and that because the defendant failed to enter a deficiency judgment, it was not entitled to insurance moneys. A question of fact is raised by the pleadings and affidavits as to whether the policies were in full force and effect in so far as the plaintiff is concerned at the time of the fire. Plaintiff failed to file proofs of loss within the time required by the policies, and there was no waiver on the part of the insurer of such requirement. Since plaintiff thereby forfeited any claim she might have had against the insurer, and has no valid cause of action against such insurer, she is not entitled to recover the proceeds of the fire loss from defendant, nor is it any legal concern of hers as to what arrangements were made between the insurer and defendant as to payment of the loss. The estate, which defendant represents, is not unjustly enriched since there is an actual deficiency after applying insurance proceeds to the mortgage debt. The failure of the defendant to procure a deficiency judgment is of no consequence under the circumstances. Order unanimously affirmed, with costs. Present — Hill, P. J., Crapser, Heffernan, Schenck and Foster, JJ.